```
1    UNITED STATES DISTRICT COURT
     EASTERN DISTRICT OF NEW YORK
2    -------------------------------X
     UNITED STATES OF AMERICA              18 CR 419(BMC)(CLP)
3
     versus
4
     WO QI LIU,                            U. S. Courthouse
5                                          Brooklyn, New York
                    DEFENDANT.             October 19, 2020
6    -------------------------------X      4:00 PM
7          TRANSCRIPT OF CRIMINAL CAUSE FOR GUILTY PLEA
               BEFORE THE HONORABLE CHERYL POLLAK
8               UNITED STATES MAGISTRATE JUDGE
9                        APPEARANCES
10
     Representing the Government:
11   SETH DUCHARME
     UNITED STATES ATTORNEY
12   EASTERN DISTRICT OF NEW YORK
     271 CADMAN PLAZA EAST
13   BROOKLYN, NEW YORK 11201
     BY:  WILLIAM CAMPOS, ESQ.
14
     Representing the Defendant:
15   LAW OFFICE OF DONNA NEWMAN
     20 Vesey Street, Suite 400
16   New York, New York 10007
     BY:  DONNA NEWMAN, ESQ.
17        CLARA KALHOUS, ESQ.
18
19   ALSO PRESENT:  NANCY WU, CERTIFIED CANTONESE INTERPRETER
20
21
22   Reported by:
     LISA SCHMID, CCR, RDR
23   OFFICIAL COURT REPORTER
     225 Cadman Plaza East, Room N377
24   Brooklyn, New York 11201
     Proceedings recorded by mechanical stenography. Transcript
25   produced by Computer-Aided Transcription.
```

1              THE CLERK:  This is the matter of USA versus Wo Qi

2    Liu, Case Number 18-419, Criminal Cause for Pleading.

3              Counsel, please state your appearances for the

4    record.

5              MR. CAMPOS:  William Campos for the United States.

6              Good afternoon, Your Honor.

7              THE COURT:  Good afternoon.

8              MS. NEWMAN:  Good afternoon, Your Honor.  Donna R.

9    Newman on behalf of defendant, Mr. Liu, who is present, and in

10   the courtroom also present is his wife and brother-in-law.  I

11   just wanted to make the court aware of who was in the

12   courtroom.

13             THE COURT:  All right.  Everyone may be seated.

14             Ms. Newman, does Mr. Liu require the interpreter?

15             MS. NEWMAN:  Yes.

16             THE INTERPRETER:  Your Honor, is it possible to use

17   the mic?  It's a little difficult to hear.  Thank you.

18             THE COURT:  Is that better?

19             THE INTERPRETER:  Yes.  Excellent.

20             THE COURT:  Okay.  Well, you're previously sworn, so

21   I don't need to do it again.

22             All right.  Mr. Liu, we're using the services of an

23   interpreter to assist you in understanding today's

24   proceedings.  If at any point something is said that you don't

25   understand, please tell me.  Okay?

1              THE DEFENDANT:  (Answering in English.) Okay.

2              THE COURT:  All right.  The first issue I want to

3    deal with is your consent to have me hear your plea.  You

4    understand that this is Judge Cogan's case, and he is the

5    United States District Judge who will sentence you and who

6    will make the ultimate decision as to whether or not to accept

7    your plea of guilty.  If you wish, you have the absolute right

8    to have Judge Cogan hear your plea.

9              Are you okay?

10             THE INTERPRETER:  Yes, Your Honor.  Mr. Liu can hear

11   now.

12             THE COURT:  All right.  So just let me know, Mr.

13   Liu, if for some reason, the equipment fails.  Okay?

14             Okay.  So let me go back.  So as I said, this Judge

15   Cogan's case and he is the United States District Judge who

16   will sentence you, and who will make the ultimate decision as

17   to whether or not to accept your plea of guilty.  If you wish,

18   you have the ultimate right to have Judge Cogan hear your

19   plea, and if you choose to do that, they'll be no prejudice to

20   you.

21             On the other hand, if you wish, I will hear your

22   plea this afternoon, and a transcript of these proceedings

23   will be made by the court reporter here in the courtroom, and

24   that transcript will be given to Judge Cogan to review at the

25   time of your sentence, and when he makes his decision as to

1    whether or not to accept your plea of guilty.

2              Do you wish to give up your right to have Judge

3    Cogan hear your plea and proceed instead before me this

4    afternoon?

5              THE DEFENDANT:  Yes.

6              THE COURT:  Okay.  Do you make this decision

7    voluntarily and of your own free will?

8              THE DEFENDANT:  Yes.

9              THE COURT:  Has anyone made any threats or promises

10    to get you to agree to have me hear your plea?

11              THE DEFENDANT:  No.

12              THE COURT:  Okay.

13              Counsel, have you submitted a consent form signed by

14    everyone?

15              MR. CAMPOS:  Your Honor, we have a Waiver of

16    Indictment.  I don't know that we have a -- do we have a

17    consent form?  I don't remember signing one.

18              MS. NEWMAN:  I apologize, Your Honor.

19              THE COURT:  Here's what I'm going to suggest.  So

20    why don't we just submit it after the fact?

21              MS. NEWMAN:  Yes, that's fine, since he orally has

22    agreed and it -- he was advised of this.  I just forgot to

23    fill out the form.  I apologize.

24              THE COURT:  That's okay.  All right.

25              MS. NEWMAN:  While I'm apologizing, the major

1    apology, I forgot to mention that Clara Kalhous, who is

2    co-counsel in this case and my associate counsel is also

3    present in the courtroom.  I did not want to not mention that.

4    Thank you.

5                THE COURT:  Okay.  That's fine.

6                Maybe you can arrange with the Assistant U. S.

7    Attorney to get us a signed consent form and you can just scan

8    it and send it to us by email.

9                MR. CAMPOS:  Yes, Your Honor.

10               THE COURT:  Okay.  All right.  Fine.

11               All right.  So Mr. Liu, before I can hear your plea,

12   there are a number of questions that I must ask you to ensure

13   that it is a valid plea.  Again, if you don't understand any

14   of my questions, just tell me and I will rephrase them.

15   Okay?

16               THE DEFENDANT:  All right.

17               THE COURT:  Okay.  Would you raise your right hand,

18   please, sir?

19               (Defendant sworn.)

20               THE COURT:  Okay.  You can put your hand down.

21               You understand that having been sworn, your answers

22   to my questions will be subject to the penalties of perjury or

23   making a false statement if you don't answer them truthfully.

24   Do you understand that?

25               THE DEFENDANT:  I understand.

```
1              THE COURT:  Okay.  What is your full name, sir.
2              THE DEFENDANT:  Wo, W-O, Q-I, L-I-U.
3              THE COURT:  All right.  And Mr. Liu, how old are
4     you?
5              THE DEFENDANT:  Forty-six years old.
6              THE COURT:  Okay.  And what education have you had?
7              THE DEFENDANT:  High school.
8              THE COURT:  Did you complete high school?
9              THE DEFENDANT:  No.
10             THE COURT:  How far and how many years of high
11    school did you have?
12             THE DEFENDANT:  Two years.
13             THE COURT:  Okay.  All right.  Have you had any
14    problems communicating with Ms. Newman, your attorney?
15             THE DEFENDANT:  No.
16             THE COURT:  Ms. Newman, I assume you have used an
17    interpreter.  Have you had any problems communicating with
18    your client?
19             MS. NEWMAN:  No, I have not, and I have used Lily
20    Lao on most long meetings, complex meetings.  Anything to do
21    with plea negotiations, we have used her extensively, yes.
22             (Court reporter seeks clarification.)
23             MS. NEWMAN:  Yes.  Her last name I believe is L-A-U,
24    and her first name, I believe she spells it L-I-L-Y.
25             THE COURT:  All right.  So Mr. Liu, are you
```

1  presently or have you recently been under the care of either a

2  physician or a psychiatrist?

3          THE DEFENDANT:  No, I have not been to a

4  psychiatrist.

5          THE COURT:  How about a doctor, a regular physician?

6          THE DEFENDANT:  Yes, I have been to a -- go to a

7  regular physician.

8          THE COURT:  Okay.  And for what?  What were you

9  being treated for?

10         THE DEFENDANT:  Just regular checkups.

11         THE COURT:  Okay.  All right.  And so are you taking

12  any prescription medications at this time?

13         THE DEFENDANT:  No, no medicine.

14         THE COURT:  Okay.  In the last 24 hours, have you

15  taken any narcotic drugs?

16         THE DEFENDANT:  No.

17         THE COURT:  Any medicine or pills of any kind?

18         THE DEFENDANT:  No.

19         THE COURT:  Have you had any alcohol to drink in the

20  last 24 hours?

21         THE DEFENDANT:  No.

22         THE COURT:  Have you ever been hospitalized or

23  treated for narcotics addiction?

24         THE DEFENDANT:  No.

25         THE COURT:  Have you ever been treated for any

1   mental or emotional problem?

2          THE DEFENDANT:  No.

3          THE COURT:  As you sit here before me today, is your

4   mind clear?

5          THE DEFENDANT:  Yes, I'm clear.

6          THE COURT:  Do you understand what we're doing here

7   today?

8          THE DEFENDANT:  Yes, I do.

9          THE COURT:  Okay.  Have you received a copy of the

10   Superseding Information?

11          THE DEFENDANT:  Yes.

12          THE COURT:  Okay.  The Superseding Information

13   charges you with in or about and between February 2015 and

14   February 2017, both dates being approximate and inclusive,

15   within the Eastern District of New York and elsewhere, you,

16   together with others, for the purpose of evading the reporting

17   requirements of United States law and the regulations

18   thereunder, did knowingly and intentionally structure, assist

19   in structuring, and attempt to structure one or more

20   transactions with one or more domestic financial institutions

21   by A, breaking down sums of currency exceeding $10,000 into

22   smaller sums and depositing the smaller sums of currency into

23   accounts with one or more domestic financial institutions; and

24   B, conducting a series of currency transactions, including

25   transactions at or below $10,000 at one or more domestic

1    financial institutions, all as a pattern of illegal activity

2    involving more than $100,000 in a 12 month period, in

3    violation of United States law.

4              Now, Mr. Liu, first of all, have you discussed the

5    charge with Ms. Newman?

6              THE DEFENDANT:  Yes, I have.

7              THE COURT:  And do you understand what it is you

8    have been charged with?

9              THE DEFENDANT:  Yes, I do understand.

10             THE COURT:  Okay.  Now, this is a felony charge, and

11   because it is a felony charge, you have a constitutional right

12   to be charged by way of an indictment bought by the grand

13   jury.

14             The grand jury is a group of at least 16 and not

15   more than 23 people, who listen to the evidence presented by

16   the Government, and at least 12 of them must decide whether

17   there is probable cause to believe that you've committed the

18   crime that the Government is seeking to charge you with.

19             Now, in this case, this Superseding Information has

20   not been presented to the grand jury.  Instead, the Government

21   is seeking to charge you with it without presenting your case

22   to the grand jury.  And only way that they can do that is if

23   you agree to give up your right to have the case presented to

24   the grand jury.

25             If you do that, if you agree to waive indictment,

1    then the Government will proceed against you on this charge

2    just as if the grand jury had heard the evidence and voted to

3    indict you.  You follow me so far?

4            THE DEFENDANT:  I do you understand.

5            THE COURT:  Have you discussed the matter of waiving

6    indictment by the grand jury with Ms. Newman?

7            THE DEFENDANT:  Yes, I have.

8            THE COURT:  Okay.  And has anyone made any threats

9    or promises to induce you to waive indictment?

10           THE DEFENDANT:  No.

11           THE COURT:  Okay.  And do you wish at this time to

12   waive your right to be indicted by the grand jury?

13           THE DEFENDANT:  Yes.

14           THE COURT:  All right.  Ms. Newman, do you know of

15   any reason why the defendant should not waive indictment?

16           MS. NEWMAN:  No, I do not.

17           THE COURT:  Okay.  All right.  And I have received

18   the Waiver of Indictment signed by Ms. Newman.

19           And I don't know, Mr. Liu.  Can see that?  Is that

20   your signature, sir? (Indicating.)

21           THE DEFENDANT:  Yes, it is my signature.

22           THE COURT:  Okay.  And I'm endorsing it as well,

23   finding that the defendant has been advised of his right to be

24   indicted by the grand jury and has waived that right here in

25   open court this afternoon.

1            All right.  Ms. Newman, have you discussed the

2     matter of pleading guilty with your client?

3            THE DEFENDANT:  Yes, I have.

4            THE COURT:  And does he understand the rights that

5     he will be waiving by pleading guilty?

6            MS. NEWMAN:  Yes, he does.

7            THE COURT:  In your view, is he capable of

8     understanding the nature of these proceedings?

9            MS. NEWMAN:  Yes.

10           THE COURT:  Do you have any doubt as to his

11    competence to plead at this time?

12           MS. NEWMAN:  No.

13           THE COURT:  Have you advised him of the maximum

14    sentence and fine that can be imposed as a result of this plea

15    here?

16           MS. NEWMAN:  Yes, I have.

17           THE COURT:  And have you discussed with him the

18    operation of the Sentencing Guidelines in this case?

19           MS. NEWMAN:  Yes, I have.

20           THE COURT:  Okay.  Mr. Liu, you understand that you

21    have the right to be represented by an attorney from this

22    point forward in connection with these charges.  Do you

23    understand your right to an attorney?

24           THE DEFENDANT:  I do understand.

25           THE COURT:  Okay.  And Ms. Newman, are you retained

1    or appointed in this matter?

2              MS. NEWMAN:  I am retained.

3              THE COURT:  Okay.  So my understanding, Mr. Liu, is

4    that you have retained Ms. Newman to represent you for

5    purposes of these proceedings and all proceedings in

6    connection with this matter.  If for some reason you could not

7    afford to pay for counsel, the Court would appoint an attorney

8    to represent you.  Do you understand that?

9              THE DEFENDANT:  I do understand.

10             THE COURT:  Okay.  Do you feel that you have had

11   enough time to discuss your case with Ms. Newman?

12             THE DEFENDANT:  Yes.

13             THE COURT:  Are you satisfied to have her represent

14   you?

15             THE DEFENDANT:  I am happy with her.

16             THE COURT:  Okay.  All right.  I want to make sure

17   that you understand the rights that you will be giving up if

18   you decide to plead guilty to this charge.

19             If you were to persist in pleading not guilty, under

20   the Constitution and the laws of the United States, you would

21   be entitled to a speedy and public trial by jury with the

22   assistance of counsel on the charge contained in the

23   Superseding Information.  Do you understand that?

24             THE DEFENDANT:  I understand.

25             THE COURT:  At the trial, you would be presumed

```
1    innocent and the Government would have to overcome that

2    presumption and prove you guilty by competent evidence and

3    beyond a reasonable doubt.  You would not have to prove that

4    you were innocent.  If the Government were to fail, the jury

5    would have the duty to find you not guilty.  Do you understand

6    that?

7              THE DEFENDANT:  I understand.

8              THE COURT:  In the course of a trial, the witnesses

9    for the Government would have to come to court.  They would

10   have to testify in your presence.  Your attorney would have

11   the right to cross-examine those witnesses for the Government,

12   to object to any evidence offered by the Government, and to

13   subpoena witnesses and offer testimony and evidence on your

14   behalf.  Do you understand that?

15             THE DEFENDANT:  I do understand.

16             THE COURT:  Okay.  At the trial, while you would

17   have the right to testify if you chose to do so, you could not

18   be forced to testify.  Under the Constitution of the United

19   States, a defendant in a criminal case cannot be forced to

20   take the witness stand and say anything that could be used to

21   show that he is guilty of the crime with which he's been

22   charged.  If you were to decide not to testify, the Court

23   would instruct the jury that they could not hold that against

24   you.  Do you understand that?

25             THE DEFENDANT:  I understand.
```

1          THE COURT:  If you plead guilty, on the other hand,

2    I am going to have to ask you certain questions about what it

3    is that you did in order to satisfy myself that you are, in

4    fact, guilty of the charge to which you seek to plead guilty.

5    You're going to have to answer my questions and acknowledge

6    your guilt.  Thus, you will be giving up that right that I

7    just described, that is, the right not to say anything that

8    could be used show to that you are guilty of the crime with

9    which you've been charged.  Do you understand that?

10          THE DEFENDANT:  I understand.

11          THE COURT:  If you plead guilty and I recommend to

12   Judge Cogan that he accept your plea, you will be giving up

13   your constitutional right to a trial and all of the other

14   rights that I just described.  They'll be no further trial of

15   any kind.  Judge Cogan will simply enter a judgment of guilty

16   based upon your guilty plea.  Do you understand that?

17          THE DEFENDANT:  I understand.

18          THE COURT:  Are you willing to give up your right to

19   a trial and the other rights that I have just described?

20          THE DEFENDANT:  Yes.

21          THE COURT:  Okay.  Now, I understand there is a

22   written plea agreement in this case.  It's been marked as

23   Government Exhibit 1 for purposes of these proceedings.

24          I don't know if you can see this, Mr. Liu.  This is

25   the plea agreement.  Have you seen this before. (Indicating.)

```
 1              THE DEFENDANT:  (Answering in English.)  Yeah, I
 2    have.
 3              THE COURT:  Okay.  And has it been translated for
 4    you or read to you in your language?
 5              THE DEFENDANT:  Yes.
 6              THE COURT:  Okay.  And have you discussed it with
 7    your attorney?
 8              THE DEFENDANT:  Yes, I have.
 9              THE COURT:  Do you understand what it provides?
10              THE DEFENDANT:  Yes, I do understand.
11              THE COURT:  Okay.  Does this agreement fully and
12    accurately reflect your understanding of the agreement that
13    you have with the Government?
14              THE DEFENDANT:  Yes.
15              THE COURT:  Other than the promises in the
16    agreement, has anyone made any other promise that has caused
17    you to plead guilty here?
18              THE DEFENDANT:  No.
19              THE COURT:  Has anyone made any promise to you as to
20    what your sentence will be?
21              THE DEFENDANT:  I don't understand your question.
22              THE COURT:  Has anyone promised you a specific
23    sentence in this case?
24              THE DEFENDANT:  No.
25              THE COURT:  Okay.  All right.  I want to briefly
```

1    review with you the sentencing scheme that applies here.

2            The statute you're accused of violating carries a

3    minimum term of imprisonment of zero years, but possibly ten

4    years in prison.  Do you understand that?

5            THE DEFENDANT:  I understand.

6            THE COURT:  Now, there are in effect what are

7    called Sentencing Guidelines, and those Guidelines are merely

8    that, a guide to help the Court determine where within that

9    zero to ten year range your sentence should fall.

10           The Guidelines are not mandatory, but the Court is

11   required to consider the Guidelines along with all other

12   relevant factors in determining what an appropriate sentence

13   for you should be.

14           The important thing that you must understand is that

15   until the time of sentencing when Judge Cogan gets what is

16   called a Pre-sentence Report, which will be prepared by the

17   Probation Department following your plea here, and he has an

18   opportunity to hear from you and to hear from Ms. Newman and

19   to hear from the Government, until that time, no one can

20   promise you exactly what your sentence will be, not Ms.

21   Newman, not the Government' attorney, not me, not even Judge

22   Cogan until then.  Do you understand that?

23           THE DEFENDANT:  I understand.

24           THE COURT:  Nevertheless, I'm going to ask the

25   Government just to put on the record what your calculation of

1    the Guideline range would be based on what we know today.

2              MR. CAMPOS:  Your Honor, based on what the

3    Government understands the facts to be today, the Government

4    has estimated the Guideline range as follows:  The base

5    offense level would be a six, with an estimated loss amount of

6    more than 95,000, increases the levels by eight levels, with

7    a -- more than $100,000 of conduct over a 12 month period

8    increases it by two-levels, for a total of Level 16.

9              Given that that defendant is pleading guilty today,

10   the defendant would be entitled to three points for acceptance

11   of responsibility, lowering the offense level to a Level 13.

12   Given that the defendant is in Criminal History Category

13   Number I, the range of imprisonment under the Guidelines is 12

14   to 18 months, and the defendant in the plea agreement has

15   stipulated to those Guidelines.

16             THE COURT:  Okay.  Ms. Newman, do you agree with the

17   Government's calculation here?

18             MS. NEWMAN:  Yes.  Thank you.

19             THE COURT:  Okay.  And Mr. Liu, you understand that

20   you've agreed to the Government's calculations of the

21   Guideline range as well?

22             THE DEFENDANT:  I do understand.

23             THE COURT:  Okay.  The important thing you must

24   understand is that if the Probation Department or the Court

25   determines that a different Guideline range should apply, you

```
 1   will not be allowed to withdraw your guilty plea.  Do you

 2   understand that?

 3           THE DEFENDANT:  I understand.

 4           THE COURT:  Now, in addition to the sentence of

 5   imprisonment that you face, you also face the possibility of

 6   deportation if you are not a citizen of the United States.  Do

 7   you understand that that's a possible consequence here if

 8   you're not a citizen?

 9           THE DEFENDANT:  I understand.

10           THE COURT:  Okay.  And even though you understand

11   that as a possible consequences, do you want to proceed to

12   plead guilty at this time?

13           THE DEFENDANT:  Yes.

14           THE COURT:  Okay.  Now, if for some reason you are

15   subject to deportation but you are not immediately deported

16   once you have completed any sentence of imprisonment that you

17   are directed to serve, you will be placed on supervised

18   release for as long as you remain in the United States.  Do

19   you know what supervised release is, sir?

20           THE DEFENDANT:  I don't.

21           THE COURT:  Okay.  Basically, you'll be released

22   from jail, but there may be certain restrictions placed on

23   your freedom.  For example, you might be asked to report to a

24   probation officer on a periodic basis, and there may be other

25   restrictions as well.  Do you understand that?
```

```
 1                THE DEFENDANT:  Understand.

 2                THE COURT:  Okay.  The important thing here is that

 3     you face a maximum term of supervised release of three years,

 4     and if you violate any of the conditions of supervised

 5     release, you may be sentenced up to two years in prison

 6     without getting any credit for the time that you previously

 7     served in prison, and without getting any credit for the time

 8     that you served successfully on supervised release up until

 9     the date of the violation.  Do you understand that?

10                THE DEFENDANT:  I understand.

11                THE COURT:  Okay.  In addition, you face a maximum

12     fine of $1,066,666.  Do you understand that?

13                THE DEFENDANT:  I understand.

14                THE COURT:  Okay.  And you also must pay restitution

15     in the full amount of each victim's losses as determined by

16     the Court.  Do you understand that you must pay restitution?

17                THE DEFENDANT:  I understand.

18                THE COURT:  And I'm sorry.  Do we have an estimate

19     of what that might be at this point?

20                MR. CAMPOS:  At this point, Your Honor, the

21     Government doesn't have an estimate as to the restitution, but

22     given the Guideline range that the Government estimates, the

23     Guideline range is between 95,000 and $150,000.

24                THE COURT:  Okay.  Do you understand that, Mr. Liu?

25                MS. NEWMAN:  Excuse me, Your Honor.  I don't know
```

```
 1    how we do this.  I'm just going to get a little bit closer,
 2    not much.
 3              I'll clarify afterwards, Your Honor.
 4              THE COURT:  I'm sorry?
 5              MS. NEWMAN:  I think we just need a clarification of
 6    our understanding.
 7              THE COURT:  Okay.
 8              MS. NEWMAN:  There's nothing in the agreement as to
 9    restitution.
10              THE COURT:  No, I know.
11              MS. NEWMAN:  And while there is as to forfeiture,
12    and that is mandated by the statute for forfeiture.
13              What I understand the Government to be saying, to
14    the extent there is a restitution, not that that is the
15    restitution.  I don't think there can be restitution in a
16    structuring case, where all that is done is structuring.  So
17    because it's not part of the agreement, I just don't want to
18    leave a loose end dangling out there.
19              THE COURT:  Well, the agreement does say restitution
20    mandatory in the full amount of each victim's losses.  So, I
21    guess, I don't want to get in the middle of this one, but if
22    this is a dispute between the Government and defendant, you
23    ought to clarify it now.
24              MR. CAMPOS:  I think the position is, as if the
25    Court were to determine that there is restitution, then it
```

1    would be in those amounts.  We understand that -- we

2    understand counsel's you position, and counsel may be correct.

3    But I think it's a legal position that needs to be fleshed

4    out, and -- but to the extend that there is restitution, it

5    will be determined by the Court as to how much and whether it

6    should be ordered.

7              THE COURT:  Does that clarify anything for you, Ms.

8    Newman?

9              MS. NEWMAN:  Well, to the extent that the Court

10   always, particular to the statute, must determine not only

11   what the sentence is, but restitution part of the sentence, I

12   can't disagree with that analysis because that's the law.

13             Whether it's a penny or 150,000, that will be -- or

14   nothing -- that will be determined by the Court.  And I do not

15   agree it will be between 95 and 150,000.  That's not part of

16   the agreement.

17             So I think we've clarified our position and I don't

18   think it -- we disagree, basically, on whether or not

19   restitution will be ordered.  It's up to the Court.

20             THE COURT:  Okay.  And can you just confirm that Mr.

21   Liu understands this whole back and forth?  I don't want to

22   have him confused.

23             THE DEFENDANT:  I think the dispute is about amount

24   of the restitution, is that correct?

25             (Ms. Newman confers with the defendant.)

```
 1                THE COURT:  Okay.  All right.

 2                MR. CAMPOS:  Your Honor, because the defendant said

 3     something, I want to be -- because his statement is

 4     half-right.

 5                The defendant stated that his understanding is that

 6     what's in dispute is the amount of restitution.  The -- I

 7     think counsel is saying is that that's part of it, but the

 8     dispute also is about whether or not restitution should be

 9     ordered at all.  And I don't want there to be, you know, just

10     half -- the defendant being half-right.

11                MS. NEWMAN:  That's correct, Your Honor.

12                THE COURT:  And Mr. Liu, you understand that?  This

13     is a dispute between your attorney and the Government at this

14     point in time.  It will be up to the judge to make the

15     decision as to who is right.  You understand that?

16                THE DEFENDANT:  Yes.

17                THE COURT:  Okay.  I think the important thing is

18     that if the Government is correct, you may be asked to pay

19     restitution in the amount that the Government is urging, but

20     again, as I said, right now, nobody can tell you what that is

21     going to be or if that is going to happen.  It will have to

22     wait until the judge decides. Do you understand?

23                THE DEFENDANT:  Yes.

24                THE COURT:  Okay.  Do you feel comfortable

25     proceeding, even though this is an issue?
```

1          THE DEFENDANT:  Yes.

2          THE COURT:  Okay.  Well, one thing is clear.  You

3  must pay a $100 special assessment.  Do you understand that?

4          THE DEFENDANT:  Yes.

5          THE COURT:  And in the plea agreement, you have

6  agreed that you will consent to the entry of a Forfeiture

7  Money Judgment in the amount of $96,000, that shall be paid no

8  later than seven days prior to sentencing.  Do you understand

9  you have agreed to that in the plea agreement?

10          THE DEFENDANT:  Yes.

11          THE COURT:  Okay.  You also understand that you have

12  agreed that if you fail to pay that amount, you have consented

13  to the Government forfeiting any other property of yours up to

14  that $96,000 amount, and you've agreed to assist the

15  Government in effectuating the payment of the Forfeiture Money

16  Judgment by executing any documents that are necessary.  Do

17  you understand that?

18          THE DEFENDANT:  I understand.

19          THE COURT:  Okay.  Also, you have agreed not to file

20  a claim or assist anyone else in filing a claim to seek the

21  return of the money that's forfeited.  Do you understand that?

22          THE DEFENDANT:  I understand.

23          THE COURT:  And that you have agreed to disclose all

24  of your assets on a financial statement which will be given to

25  the Government at some point prior to sentencing.  I think at

```
 1   least 60 days before sentencing.

 2              THE DEFENDANT:  Understand.

 3              THE COURT:  And you have given up any right that you

 4   might have to notice of the forfeiture and any right that you

 5   might have to a jury trial.  Do you understand you have agreed

 6   to that?

 7              THE DEFENDANT:  I understand.

 8              THE COURT:  Okay.  All right.  Now, Mr. Liu, you can

 9   appeal your conviction if you believe that your guilty plea

10   here is somehow unlawful or involuntary, or there was some

11   other fundamental defect in these proceedings that was not

12   waived by your plea.

13              You also have a statutory right to appeal your

14   sentence under certain circumstances if you believe that your

15   sentence was contrary to law; however, in the plea agreement,

16   you have agreed that you will not file an appeal or otherwise

17   challenge your conviction or your sentence, so long as the

18   judge imposes a term of imprisonment of 21 months or less.  Do

19   you understand that you have agreed to that?

20              THE DEFENDANT:  I do understand.

21              THE COURT:  Okay.  Counsel, is there anything else

22   in the plea agreement that I need to advise the defendant of

23   before we go forward?

24              MR. CAMPOS:  I don't believe so, Your Honor.

25              THE COURT:  Ms. Newman?
```

```
 1              MS. NEWMAN:  Yes.  I just want to clarify certain
 2    things in the plea agreement, and I have advised the
 3    Government of this.  The Court -- I think it's better if I
 4    sit, if you'll excuse me.  Thank you, Your Honor.
 5              As the Court mentioned, that there is an obligation
 6    under the plea agreement to file with the Government a
 7    financial statement.  And the Government has agreed that if he
 8    pays that -- the forfeiture amount prior to the due date, that
 9    is, the 60 days before, he doesn't have to file a financial
10    agreement with them.
11              THE COURT:  A statement?
12              MS. NEWMAN:  Yes, a statement.  And that's inferred
13    and understood, but I just wanted to make sure that it was
14    clear.
15              In addition, the agreement --
16              THE COURT:  Just let's clarify.
17              Mr. Campos, do you agree with that?
18              MR. CAMPOS:  Yes, Your Honor.  If the defendant were
19    to pay in full the Forfeiture Money Judgment before 60 days of
20    his sentence, I think counsel is correct in that the
21    agreement regarding the requirement to fill out a financial
22    affidavit would be obviated.
23              THE COURT:  All right.  So we're all on the same
24    page on that one?
25              MS. NEWMAN:  In addition, if -- on paragraph nine of
```

```
 1    the agreement, they speak about that they will remove notices

 2    of pendency filed against the real property that is listed in

 3    the Information.  And it does not -- that is, if the money

 4    judgment that is agreed upon is paid.

 5            What it -- of course, every agreement has within it

 6    good faith, and we just want it clear that that needs to be

 7    done no later than ten days after the payment is satisfied.

 8    And by that, I understand if it's paid by check, that the

 9    check has to clear, if it's money order, et cetera -- in other

10    words, until the -- whatever instrument is used for payment,

11    the Government acknowledges that it is paid, so that this

12    property is not out there with this lis pendency on it.

13            THE COURT:  Mr. Campos?

14            MR. CAMPOS:  Again, Your Honor, if the -- assuming

15    the Forfeiture Money Judgment is paid in full, the Government

16    will release these lis pendencies, and will exercise good

17    faith in doing so expeditiously.  I don't think we're tying

18    ourselves to a specific number days, but we will be making a

19    good faith effort to do so expeditiously.

20            MS. NEWMAN:  Thank you, Your Honor.

21            THE COURT:  You understand all of that, Mr. Liu?

22            THE DEFENDANT:  Yes.

23            THE COURT:  Are you ready to proceed?

24            THE DEFENDANT:  Yes.

25            THE COURT:  Do you have any questions that you would
```

1    like to ask me about the charges or your rights or the plea

2    agreement or anything else before we go forward?

3              THE DEFENDANT:  No, I do not.

4              THE COURT:  Okay.  Are you ready to plead at this

5    time?

6              THE DEFENDANT:  Yes.

7              THE COURT:  Counsel, do you know of any reason why

8    this defendant should not plead guilty?

9              MS. NEWMAN:  No, Your Honor.

10             THE COURT:  Are you aware of any viable legal

11   defense to the charge?

12             MS. NEWMAN:  No.

13             THE COURT:  Wo Qi Liu, what is your plea to the

14   charge contained in Superseding Information, 18 CR 419, S-1,

15   guilty or not guilty?

16             THE DEFENDANT:  I plead guilty.

17             THE COURT:  Are you making this plea of guilty

18   voluntarily and of your own free will?

19             THE DEFENDANT:  Yes.

20             THE COURT:  Has anyone threatened or forced you to

21   plead guilty?

22             THE DEFENDANT:  No.

23             THE COURT:  Has anyone made any promise to you as to

24   what your sentence will be?

25             THE DEFENDANT:  No.

```
1              THE COURT:  Okay.  I read the charge to you a few
2    minutes ago.  I want you to tell me in your own words what it
3    is that you did between February 2015 and February 2017 in
4    connection with these structured transactions.  What did you
5    do, sir?
6              THE DEFENDANT:  Can I read it in Cantonese?
7              THE COURT:  Sure.
8              THE DEFENDANT:  (Reading in Cantonese.)
9              Between February of 2016 and February of 2017, I
10   received cash of $100,000.  I intentionally make my deposits
11   into my bank of any money received in excess of $10,000 into
12   amount less than $10,000.  I did this to avoid reporting
13   requirements.  The bank I did this deposits is in Brooklyn.  I
14   knew what I was doing was wrong.
15             THE COURT:  Okay.  Mr. Campos, anything else I
16   should inquire of the defendant?
17             MR. CAMPOS:  Just a moment, Your Honor.
18             THE COURT:  Uh-hum (affirmative response).
19             MR. CAMPOS:  I think not.  I think -- I think I
20   understand what the defendant stated, and I think it meets the
21   elements.
22             THE COURT:  Okay.  Ms. Newman, anything else I
23   should inquire of your client?
24             MS. NEWMAN:  Not of my client.  I do have some
25   comments, but not as to my client.  I know.
```

```
 1              THE COURT:  Okay.

 2              MS. NEWMAN:  Okay.  Thank you, Your Honor.

 3              I just want to make it clear that it is the defense

 4    position that the "also known as" after his name is

 5    surplusage, that these were not names used to deposit any

 6    money.  Indeed, he has never been known as "Gordon Jimmy" or

 7    "Big Elephant." With respect to this offense, he always used

 8    his own name.

 9              What we are pleading guilty to is a pattern of

10    illegally structuring, and that is it.  And while paragraph

11    seven of the Superseding -- of the Information implies that

12    the cash involved in the structuring came from activities

13    relating to counterfeit.

14              Mr. Liu is not admitting to that.  He is simply

15    admitting to a pattern of structuring in which he deposited,

16    as he said, amounts less than ten thousand where, in fact, he

17    received money in excess of ten thousand.

18              And so I would suggest that the last sentence of

19    paragraph seven is likewise surplusage.  But in any event,

20    whether the Government agrees with that, I did want to

21    clear -- because I think it's important for Probation when

22    doing the PSR to recognize what it is we are admitting and

23    what is it that we are not admitting.  Thank you.

24              THE COURT:  Mr. Campos, anything you want to add?

25              MR. CAMPOS:  No, Your Honor.
```

1          THE COURT:  Okay.  All right.  Based on the

2   information given to me, I find that the defendant is acting

3   voluntarily.  He fully understands his rights and the

4   consequences of his plea, and that there a factual basis for

5   the plea.

6          I will, therefore, recommend to Judge Cogan that he

7   accept your plea of guilty to the charge contained in the

8   Superseding Information.  The judge has set a sentencing date

9   for February 10, at 10:00 a.m.

10         In the meantime, you're going to be meeting with

11  someone from the Probation Department to prepare the

12  Pre-sentence Report.  We talked about that a little bit

13  earlier.  I urge you to cooperate with them, obviously, with

14  Ms. Newman's advice.  Okay?

15         All right.  Anything else, counsel?

16         MR. CAMPOS:  Not from the Government, Your Honor.

17         MS. NEWMAN:  Not from the defense.

18         THE COURT:  All right.  All right.  Everyone, thank

19  you very much.  Stay safe.  Have a nice evening.

20         MS. NEWMAN:  Thank you very much.

21         (Proceedings concluded.)

22

23

24

25